UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TRAVIS HAYWARD, on behalf of himself and
all other similarly situated,

                Plaintiff,                                MEMORANDUM AND ORDER
                                                                17-CV-02944

    - against -

IBI ARMORED SERVICES, INC., and
MICHAEL SHIELDS,

                Defendants.
------------------------------------------------------------x
GLASSER, Senior United States District Judge:

       On May 15, 2017, Travis Hayward ("Plaintiff Hayward") and 28 other plaintiffs ("Plaintiffs") brought this action against Defendants IBI Armored Services and Michael Shields ("Defendants") alleging that they failed to provide minimum, overtime, and spread of hours compensation and wage statements in violation of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and New York State Wage Theft Prevention Act ("WTPA"). (ECF No. 1, "Complaint"). Pending before the Court is Defendants' motion for partial summary judgment, or in the alternative, a declaratory judgment pursuant to Rules 56 and 57 of the Federal Rules of Civil Procedure and Plaintiffs' cross-motion pursuant to the same. (ECF Nos. 70, 71). For the reasons explained below, Defendants' motion is **GRANTED** and Plaintiffs' motion is **DENIED**.

## BACKGROUND

       Plaintiffs are either current or former employees of IBI Armored Services, Inc., a vehicle service that transports money to and from grocery stores and banks in New York City. (Complaint ¶¶ 15-17, 25). They claim that since May 2014, they were not paid minimum wage, overtime, or

1

spread of hours compensation and that they were not given proper wage statements. (*Id.* at ¶¶ 25, 30). The details surrounding each Plaintiffs' terms of employment are in dispute and are not relevant for the determination of these summary judgment motions.

**LEGAL STANDARDS**

I. **Summary Judgment Standard**

Summary judgment is appropriate when there are "no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). A genuine issue of material fact exists if a reasonable jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.242, 248 (1986). The moving party has the burden to demonstrate the absence of a genuine issue of material fact, and the Court must draw all reasonable inferences in favor of the non-moving party. *Id.* at 255.

If the summary judgment movant satisfies its initial burden of production, the burden of proof shifts to the non-movant who must demonstrate that a genuine issue of fact does exist. *Id.* at 250. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 586. Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admission on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Once the nonmovant has met that requirement, its "allegations [will be] taken as true, and [it] will receive the benefit of the doubt when [its] assertions conflict with those of the movant." *Samuels v. Mockry*, 77 F.3d 34, 36 (2d Cir. 1996).

The Court's role in a motion for summary judgment is one of "issue-finding," not "issue-resolution." *Ramirez v. New York City Bd. of Educ.*, 481 F. Supp. 2d 209, 216 (E.D.N.Y. 2007). Therefore, the Court's charge is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Where, as here, cross-motions for summary judgment are made, the court must rule on each party's motion on an individual and separate basis, determining, in each case, whether a judgment may be entered in accordance with the Rule 56 standard. *Johnson & Johnson Fin. Corp. v. BSR Realty L.P.*, No. CV-96-0527 (ILG), 1996 WL 546284, at *2 (E.D.N.Y. Sept. 19, 1996).

### II. Declaratory Judgment Standard

The Declaratory Judgment Act provides that "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). A declaratory judgment action is ripe for adjudication where "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Duane Reade, Inc., v. St. Paul Fire and Marine Ins. Co.*, 411 F.3d 384, 388 (2d Cir. 2005). When deciding whether to entertain an action for a declaratory judgment, a District Court must ask: (1) whether the declaratory judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether the judgment would finalize the controversy and offer relief from uncertainty. *Id.* Here, the Court answers both questions in the affirmative.

## DISCUSSION

Defendants are seeking summary judgment of Plaintiffs' FLSA and NYLL overtime claims, or in the alternative, a declaratory judgment stating that Plaintiffs are not entitled to overtime under the NYLL because they are subject to the FLSA's Motor Carrier Exemption, which

provides that mandatory overtime compensation does not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49 . . . ." 29 U.S.C. § 213(b)(1). Those employees include "motor carrier[s]," who "[provide] commercial motor vehicle transportation for compensation." *Fox v. Commonwealth Worldwide Chauffeured Transp. of NY, LLC*, 865 F. Supp. 2d 257, 268 (E.D.N.Y. 2012) (quoting 49 U.S.C. § 13102(14)). A "commercial motor vehicle," in turn, is "a self-propelled or towed vehicle used on the highways in interstate commerce to transport passengers or property, if the vehicle . . . has a gross vehicle weight rating or gross vehicle weight of at least 10,001 pounds . . . ." 49 U.S.C. § 31132(1)(A).

The parties do not dispute that with the exception of four individuals, Plaintiffs are subject to the FLSA's Motor Carrier Exemption under 29 U.S.C. § 213(b)(1) and therefore the overtime claim with respect to those 25 Plaintiffs under the FLSA is dismissed. However, those 25 Plaintiffs request summary judgment of their overtime and wage statement claims under the NYLL, arguing that the New York State Minimum Wage Order mandates that even employees who are exempt pursuant to the FLSA's Motor Carrier Exemption are nevertheless entitled to overtime compensation under the NYLL. The Court will address these arguments below.

I. **The NYLL and Motor Carrier Exemption**

The New York Department of Labor issued a Minimum Wage Order to the NYLL, which provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of . . . the Fair Labor Standards Act . . . ." 12 N.Y.C.R.R. § 142-2.2. While the regulation provides that the NYLL is subject to the exemptions of the FLSA, it does not specifically mention the Motor Carrier Exemption. *Id.* However, on June 30, 2010, the

Department of Labor issued an opinion letter concluding that because "nothing within the [NYLL] or the Minimum Wage Orders otherwise excludes such employees from the definition of 'employee' contained therein, and therefore, from the overtime requirements described above . . . even if these employees meet the requirements of the Motor Carrier Exception in Section [2]13(b)(1)[1] of the FLSA, they must, under the New York Labor Law, be paid not less than one and one half times the minimum wage rate for all overtime hours worked." (*See* Declaration of Peter H. Cooper, Exhibit D).

Defendants claim that the Department of Labor's opinion letter is not entitled to deference because "[t]he New York Court of Appeals has settled that agency determinations involving 'pure legal interpretation of statutory terms[]' are not entitled to deference by courts reviewing these determinations." (ECF No. 70-1 at 11-12) (citing *Matter of Toys "R" Us v. Silva*, 89 N.Y.2d 411, 419, 676 N.E.2d 862, 866, 654 N.Y.S.2d 100, 104 (1996)). Plaintiffs, on the other hand, argue that "under both federal and New York law, an agency's interpretation of its own regulation is indeed entitled to some deference, particularly if there is any ambiguity in the regulation." (ECF No. 76 at 9) (citing to *Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 201 (2d Cir. 2009)). Both parties misstate the applicable standard.[2]

---

[1] The Department of Labor erroneously referred to Section 13(b)(1) of the FLSA as the Motor Carrier Exemption rather than Section 213(b)(1), which is the appropriate section.

[2] The Court of Appeals in *Toys "R" Us* acknowledged that "in questions relating to its expertise, [the agency's] interpretation of the statute's terms must be given great weight and judicial deference, so long as the interpretation is neither irrational, unreasonable, nor inconsistent with the governing statute." That case addressed the "proper legal standard for determining when a nonconforming use is abandoned" under a specific zoning ordinance, which was a question of "pure legal interpretation of statutory terms," and therefore "deference to [the agency was] not required." 89 N.Y.2d at 418-19, 676 N.E.2d at 866, 654 N.Y.S.2d at 104. Similarly, the court in *Cordiano* also noted that it will "generally defer to an agency's interpretation of its own regulations . . . so long as the interpretation is not plainly erroneous or inconsistent with law." 575 F.3d at 207.

The correct standard to be applied arises from the Supreme Court's decision in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council. Inc.*, which held that

> When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction of the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

467 U.S. 837, 842-43. Applying those principles here, the Court finds that the Department of Labor's intent was clearly expressed in Minimum Wage Order 12 N.Y.C.R.R. § 142-2.2 and that the NYLL adopts the FLSA's Motor Carrier Exemption. The Minimum Wage Order explicitly provides that the mandatory overtime rate is "subject to the exemptions of . . . the Fair Labor Standards Act . . . ." 12 N.Y.C.R.R. § 142-2.2. That the Department of Labor did not specifically mention the Motor Carrier Exemption is of no consequence because that exemption is embraced by the FLSA and therefore need not be cited in isolation. Further, even if the Court determined that the Minimum Wage Order was "silent" as to the Motor Carrier Exemption issue, the Department of Labor's interpretation, that employees who are subject to the exemption under the FLSA are nevertheless entitled to overtime because neither the NYLL nor the Minimum Wage Order "exclude[] such employees from the definition of 'employee,' contained therein," is an

impermissible construction of the regulation given that it expressly includes all exemptions to the FLSA.³ Accordingly, Plaintiffs' overtime claim under the NYLL is dismissed.⁴

## II. Plaintiffs' Wage Statement Claims

Plaintiffs also request summary judgment of their wage statement claim under the NYLL. It is undisputed that the weekly paystubs given to Plaintiffs did not indicate the number of hours worked or the hourly rate of compensation during each pay period. (ECF No. 79 ¶¶ 7-8; Declaration of Peter H. Cooper, Exhibit J). However, Defendants intend to assert an affirmative defense pursuant to NYLL § 198(1-d), namely that "[e]ven if Defendants failed to give Plaintiffs proper Wage Notices and/or Statements, Defendants cannot be liable as they made complete and timely payment of all wages due." (ECF No. 77-2).⁵ Because there is a genuine issue of material fact as to whether Defendants made complete and timely payment of all wages due, Plaintiffs' motion for summary judgment as to their wage statement claim is denied.

---

³ Several other courts in this Circuit have found, even after the Department of Labor's June 30, 2010 opinion letter, that the NYLL adopts the FLSA's Motor Carrier Exemption. *See e.g.*, *Fox*, 865 F. Supp. 2d 257, 268-69; *Tang v. Wing Keung Enterprises, Inc.*, No. 14-CV-390 (JBW) (LB), 2016 WL 6110454, at *3 (E.D.N.Y. July 11, 2016), report and recommendation adopted sub nom., *Chaohui Tang v. Wing Keung Enterprises, Inc.*, 210 F. Supp. 3d 376 (E.D.N.Y. 2016); *D'Arpa v. Runway Towing Corp.*, No. 12-CV-1120, 2013 WL 3010810, at *18 (E.D.N.Y. June 18, 2013); *Serebryakov v. Lokeko Inc.*, No. 12-CV-3990 (AMD), 2016 WL 5061111, at *1 (E.D.N.Y. Sept. 16, 2016).

⁴ Plaintiffs note that Defendants issued statements to their employees after this action was commenced, acknowledging that under the NYLL, they were required to pay overtime. (*See* Declaration of Peter H. Cooper, Exhibits G & H). Defendants argue that these statements cannot be considered by the Court because they are subsequent remedial measures under Rule 407 of the Federal Rules of Evidence. If Defendants' were correct, that they were required to pay overtime under the NYLL, their statements would be admissions, not subsequent remedial measures. In any event, these arguments are irrelevant given that Defendants were not bound under the NYLL to pay overtime.

⁵ The Court granted Defendants' motion to amend their Answer on April 5, 2019. (ECF No. 84).

## CONCLUSION

Accordingly, Defendants' motion for summary judgment as to Plaintiffs' overtime claims under the FLSA and NYLL is **GRANTED** and Plaintiffs' cross-motion for summary judgment as to their overtime and wage statement claims is **DENIED**. The overtime claim with respect to the four non-exempt Plaintiffs is still in dispute.

SO ORDERED.

Dated: Brooklyn, New York
April 11, 2019

/s\_\_\_
I. Leo Glasser                       U.S.D.J.