# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW
10 Grand Central
155 East 44th Street - 6th Floor
New York, New York 10017

Telephone (212) 209-3933
Facsimile (212) 209-7102

April 16, 2019

**VIA ECF**

Hon. I. Leo Glasser, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:      Travis Hayward v. IBI Armored Services, Inc., et. al.
                        Case No. 17 Civ. 2944 (ILG)(CLP)

Dear Judge Glasser,

      We are counsel to the plaintiff Travis Hayward and the opt-in plaintiffs.

      On April 11, 2019, the court granted defendants' motion for summary judgment and dismissed the overtime claims of all but four (4) plaintiffs. [Docket 85] The decision dismissed the majority of the claim brought by twenty-five (25) individuals.

      We believe the court's decision is contrary to decisions in the Western District of New York and Southern District of New York. *See, Hernandez v. Alpine Logistics*, LLC, 2011 U.S. Dist. LEXIS 96708 (W.D.N.Y. 2011), (it is well settled that even if employees are exempt from overtime compensation under the Motor Carrier Exemption of the FLSA, under the New York Labor Law, *they are still entitled to compensation equal to or greater than one-and-a-half times the minimum wage in the State of New York for overtime hours worked*); *Pena v. San Miguel Transportation,* 14 Civ. 1463 (WHP), Docket 37 (New York law, unlike the FLSA, awards *reduced overtime compensation* for those exempt from the FLSA's overtime requirements altogether. Specifically, NYLL regulations require that employers pay FLSA exempt employees "*overtime at a wage rate of one an one-half the basic minimum hourly rate.*")

      We believe the court did not correctly apply the plain language of the applicable wage order, 12 N.Y.C.R.R. § 142-2.2, which incorporates the FLSA overtime exemption of the motor carrier act, but directs that overtime hours be compensated at one and one half *the basic*

*minimum wage* (as opposed to one and one-half the employee's hourly rate, an important distinction which the court did not evaluate).

As such, on behalf of plaintiff Travis Haward and opt-in plaintiffs whose claims were dismissed on summary judgment, we respectfully request the court instruct the clerk of court to certify a Rule 54(b) judgment, allowing them to proceed to the Second Circuit on this issue.

As the minimum wage increases in New York, but not federally, this important issue deserves uniform statewide application and merits review by the Second Circuit.

Thank you for your consideration of this matter.

Respectfully submitted,

Cilenti & Cooper, PLLC

By: _____
Peter H. Cooper

cc: Defense Counsel (Via ECF)