UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TRAVIS HAYWARD, on behalf of himself and
all other similarly situated,

                Plaintiff,                          MEMORANDUM AND ORDER
                                                                     17-CV-02944

  - against -


IBI ARMORED SERVICES, INC., and
MICHAEL SHIELDS,

                Defendants.
------------------------------------------------------------x
GLASSER, Senior United States District Judge:

        On May 15, 2017, Travis Hayward and 28 other plaintiffs ("Plaintiffs") brought this action against Defendants IBI Armored Services and Michael Shields ("Defendants") alleging that they failed to provide minimum, overtime, and spread of hours compensation and wage statements in violation of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and New York State Wage Theft Prevention Act ("WTPA"). (ECF No. 1). On April 11, 2019, the Court granted summary judgment for Defendants, holding that New York Minimum Wage Order 12 N.Y.C.R.R. § 142-2.2 adopts the FLSA's Motor Carrier Exemption and precludes Plaintiffs' overtime claim. (ECF No. 85). Pending before the Court is Plaintiffs' motion for an entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, allowing them to proceed to the Second Circuit regarding that disposition. (ECF No. 86). For the reasons explained below, Plaintiffs' motion is **GRANTED**.

### I.    The Motor Carrier Exemption and New York's Minimum Wage Order

        Title 29 of the United States Code provides that "[i]t is declared to be the policy of this chapter, through the exercise by Congress of its power to regulate commerce among the several

1

States . . . to correct and as rapidly as practicable to eliminate . . . the existence . . . of labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers . . . ." 29 U.S.C. § 202. Section 207 of the FLSA provides

> Except as otherwise provided in this section, no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). Section 213, referred to as the "Motor Carrier Exemption," provides that the "provisions of section 207 of this title shall not apply with respect to – (1) any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." 29 U.S.C. § 213(b)(1). Section 31502 of Title 49 provides, in turn, that the "Secretary of Transportation may prescribe requirements for . . . maximum hours of service of employees of, and safety and operation and equipment of, a motor carrier . . . ." 49 U.S.C. 30152(b)(1). It is undisputed that Plaintiffs are "motor carriers" who are subject to the FLSA's Motor Carrier Exemption and are therefore not entitled to overtime under the FLSA. However, the issue arises from a conflicting New York Minimum Wage Order, a regulation to the NYLL, which provides:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of . . . the Fair Labor Standards Act of 1938 . . . . In addition, an employer shall pay employees subject to the exemptions of . . . the Fair Labor Standards Act . . . overtime at a wage rate of one and one-half times the basic minimum hourly rate.

12 N.Y.C.R.R. § 142-2.2. Plaintiffs claim that while they are not entitled to overtime under the FLSA, they are entitled to overtime under the NYLL pursuant to the Minimum Wage Order. Applying conflict preemption principles, the Court disagrees with Plaintiffs' position.

"[S]tate law must yield to a congressional Act . . . where under the circumstances of a particular case, the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Crosby v. National Foreign Trade Council*, 530 U.S. 363, 372-73 (2000). "What is a sufficient obstacle is a matter of judgment, to be informed by examining the federal statute as a whole and identifying its purpose and intended effects." *Id.* at 373. To determine whether Minimum Wage Order 12 N.Y.C.R.R. § 142-2.2 stands as an obstacle to Congress's objective in enacting the FLSA Motor Carrier Exemption, "the nature of the federal interest must first be ascertained." *Hillman v. Maretta*, 569 U.S. 483, 483-84 (2013).

The Supreme Court has noted that "it is the intent of the [FLSA] to give full recognition to the safety program of the Motor Carrier Act . . . ." *Levinson v. Spector Motor Serv.*, 330 U.S. 649, 681 (1947). While "[t]here is no necessary inconsistency between enforcing rigid maximum hours of service for safety purposes [under the Motor Carrier Act] and at the same time . . . requiring compliance with the increased rates of pay for overtime work done in excess of the limits set in [Section 207] of the [FLSA]," Congress has not authorized such an overlap and "it remains for us to give full effect to the safety program to which Congress has attached primary importance . . . ." *Id.* at 661-62. Therefore, Congress's intent was to "put[] safety first." *Id.* at 677.

Moreover, the FLSA's overtime provision operates on a standard 40-hour work week. 29 U.S.C. 207(a)(1) ("no employer shall employee any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."). The FLSA exempted from that provision any employee with respect to whom the Secretary of Transportation has the power to establish a *different* standard workweek for safety purposes, including motor carriers. 29 U.S.C. § 213(b)(1) ("the provisions of section 207 . . . shall

not apply . . . with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49."). Applying the NYLL to require employers to pay motor carriers overtime, regardless of whether it is time and one half of the minimum wage rather than the regular rate of pay, would permit New York to re-institute a 40-hour workweek for motor carriers, undermining the FLSA's Motor Carrier Exemption and Congress's "safety first" objective. Accordingly, because Wage Order 12 N.Y.C.R.R. § 142-2.2 is a state law that "stands as an obstacle to the accomplishment and execution of the full purposes and objectives" of the FLSA's Motor Carrier Exemption, the Order should be preempted. *Crosby*, 530 U.S. at 372-73 (2000).

Notably, and likely for the above reasons, most district court opinions in this Circuit hold that Minimum Wage Order 12 N.Y.C.R.R. § 142-2.2 expressly includes the FLSA Motor Carrier Exemption, and therefore employers are not required to pay *any* overtime to those employees.[1]

---

[1] *See e.g.*, *Fox v. Commonwealth Worldwide Chauffeured Transp. of NY, LLC*, 865 F. Supp. 2d 257, 268-69 (E.D.N.Y. 2012); *Tang v. Wing Keung Enterprises, Inc.*, No. 14-CV-390 (JBW) (LB), 2016 WL 6110454, at *3 (E.D.N.Y. July 11, 2016), report and recommendation adopted sub nom., *Chaohui Tang v. Wing Keung Enterprises, Inc.*, 210 F. Supp. 3d 376 (E.D.N.Y. 2016); *D'Arpa v. Runway Towing Corp.*, No. 12-CV-1120, 2013 WL 3010810, at *18 (E.D.N.Y. June 18, 2013); *Serebryakov v. Lokeko Inc.*, No. 12-CV-3990 (AMD), 2016 WL 5061111, at *1 (E.D.N.Y. Sept. 16, 2016); *Jun Kong v. Wing Keung Enterprises, Inc.*, No. 15CV6228 (RJD), 2017 WL 6025281, at *2 (E.D.N.Y. Aug. 9, 2017), *reconsideration denied*, No. 15CV6228 (RJD), 2017 WL 6021596 (E.D.N.Y. Dec. 4, 2017); *Osorio v. Mathews Prime Meats, Inc.*, 101 F. Supp. 3d 255, 264 (E.D.N.Y. 2015).

The two cases cited by Plaintiffs from the Western and Southern Districts are the minority and are not binding on this Court. Plaintiffs cite *Hernandez v. Alpine Logistics, LLC*, No. 08-CV-6254T (MAT), 2011 WL 3800031, at *7 (W.D.N.Y. Aug. 29, 2011) and *Pena v. San Miguel Transportation*, No. 14-CV-1463 (WHP), Docket 37 (S.D.N.Y. 2015). One of this Court's opinions in *Heng Guo Jin v. Han Sung Sikpoom Trading Corp.*, No. 13-CV-6789 (CBA), 2015 WL 5567073, at *6 (E.D.N.Y. Sept. 21, 2015), reasoned that the NYLL created an "alternate" remedy, "overtime at a wage rate of one and one-half times the basic minimum hourly rate," but that has not been the majority in this District.

Research has revealed only one Second Circuit opinion addressing this issue, *Pettis Moving Co., Inc. v. Roberts*, 784 F.2d 439, 441 (2d Cir. 1986), which held that the federal law which is regarded as regulating safety does not preempt the states from "exercising their traditional powers of economic regulation."[2] In so deciding, it affirmed the district court's order directing the employer to comply the state's minimum wage statute. *Id.* Interestingly enough, the district court opinions referenced in footnote 1, *supra*, do not cite to that opinion.

## II. Interlocutory Appeal Pursuant to Rule 54(b)

Plaintiffs request a judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, which provides, in relevant part,

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay . . . .

Considering the "historic federal policy against piecemeal appeals," the court's power under Rule 54(b) to enter a final judgment before an entire case is concluded should be exercised "sparingly." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997). Generally, a district court may find that there is "no just reason for delay" only when "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal," for example, where a plaintiff might be prejudiced by a delay in recovering a monetary award, or "where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims." *Id.* (internal citations omitted). Moreover, in deciding a motion for Rule 54(b) certification, courts

---

[2] The Second Circuit's opinion in *Overnite Transp. Co. v. Tianti*, 926 F.2d 220, 222 (2d Cir. 1991), decided four years after *Pettis*, cited to *Pettis* in holding that the Motor Carrier Act does not preclude the enforcement of Connecticut's wage laws.

must be mindful of "the purposes and policies behind the distinct and separate claims requirement of Rule 54(b), namely the desire to avoid redundant review of multiple appeals based on the same underlying facts and similar issues of law." *Hudson River Sloop Clearwater v. Dept. of Navy*, 891 F.2d 414, 418 (2d Cir. 1989).

While a district court's explanation as to why a disposition should be appealable immediately is entitled to substantial deference, "a district court cannot merely announce that 'there is no just reason for the delay.'" *Advanced Magnetics*, 106 F.3d at 16; *Pension Ben. Guar. Corp. v. LTV Corp.*, 875 F.2d 1008, 1014 (2d Cir. 1989), *rev'd on other grounds*, 496 U.S. 633 (1990). "Rather, its certification must be accompanied by a reasoned, even if brief, explanation of its conclusion." *Pension Ben. Guar. Corp.*, 875 F.2d at 1014. The Supreme Court, however, has indicated "that the standard against which a district court's exercise of discretion [in granting certification] is to be judged is 'the interest of sound judicial administration.'" *Perez v. Ortiz*, 849 F.2d 793, 796 (2d Cir. 1988) (citing *Curtiss-Wright Corp. v. Gen. Electric Co.*, 446 U.S. 1, 10 (1980)).

Applying those principles here, the Court finds that there is "no just reason for delay" in appealing Plaintiffs' NYLL overtime claim. As a threshold matter, this Court's order granting summary judgment of that claim in favor of Defendants is a final order for purposes of Rule 54(b). *D'Jamoos v. Griffith*, 368 F. Supp. 2d 200, 207 (E.D.N.Y. 2005). In addition, Plaintiffs' have asserted "multiple claims" because their overtime claim is "based upon factual and legal questions that are distinct from those questions remaining before the trial court . . . ." *Hudson River Sloop Clearwater*, 891 F.2d at 418. Further, there are 25 Plaintiffs whose overtime claims were dismissed and as a result may be prejudiced by a delay in recovering a monetary award to which they claim entitlement absent an immediate appeal testing the validity of that claim. If the Second

Circuit reverses this Court's decision, the overtime claims may be tried with the rest of Plaintiffs' minimum wage, spread of hours, and wage notice claims. On the other hand, if the Second Circuit affirms its decision, that issue would be resolved and would prevent further litigation in the district courts, which have been ruling differently on this issue. Accordingly, to avoid potential prejudice to Plaintiffs and to serve the "interest of sound judicial administration," the Court finds that an interlocutory appeal pursuant to Rule 54(b) is warranted.

## CONCLUSION

Accordingly, for the reasons discussed above, Plaintiffs' motion for a final judgment as to their overtime claim pursuant to Rule 54(b) is **GRANTED**.

SO ORDERED.

Dated: Brooklyn, New York
June 13, 2019

/s_____
I. Leo Glasser                    U.S.D.J.