19-1863-cv
Hayward v. IBI Armored Servs.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2019

(Argued: March 26, 2020                                    Decided: April 3, 2020)

Docket No. 19-1863-cv

_____

TRAVIS HAYWARD,

        *Plaintiff-Appellant*,

        v.

IBI ARMORED SERVICES, INC., MICHAEL SHIELDS,

        *Defendants-Appellees*.[1]

_____

Before: JACOBS, POOLER, and CARNEY, *Circuit Judges*.

    Travis Hayward and opt-in plaintiffs (collectively, "plaintiffs") appeal from the June 24, 2019 judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, *J.*) granting defendants' motion for

---

[1] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

CERTIFIED COPY ISSUED ON 04/03/2020

partial summary judgment and dismissing plaintiffs' claims for overtime pay pursuant to the New York Labor Law's ("NYLL's") overtime-pay provision, 12 N.Y.C.R.R. § 142-2.2. Although the district court correctly concluded that plaintiffs were ineligible for overtime pay at a rate of one and one-half times their regular wage, the district court erred in holding that plaintiffs were ineligible for any overtime pay under the NYLL. A plain reading of the NYLL's overtime-pay provision demonstrates that employees subject to certain exemptions under the Fair Labor Standards Act, including the Motor Carrier Exemption, must be paid overtime at a rate of one and one-half times the minimum wage. Accordingly, we vacate the district court's grant of partial summary judgment and remand for further proceedings.

VACATED and REMANDED.

———————————

MICHAEL H. ZHU, New York, N.Y., *for Plaintiff-Appellant Travis Hayward*.

Peter H. Cooper, Cilenti & Cooper, PLLC, New York, N.Y. (*on the brief*), *for Plaintiff-Appellant Travis Hayward*.

STACY L. PITCHER, Obermayer Rembann Maxwell & Hippel (Dove A.E. Burns, *on the brief*), New York, N.Y.,

2

          *for Defendants-Appellees IBI Armored Services, Inc. and Michael Shields.*

PER CURIAM:

    Travis Hayward and opt-in plaintiffs (collectively, "plaintiffs") appeal from the June 24, 2019 judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, *J.*) granting defendants' motion for partial summary judgment and dismissing plaintiffs' claims for overtime pay pursuant to the New York Labor Law's ("NYLL's") overtime-pay provision, 12 N.Y.C.R.R. § 142-2.2. Although the district court correctly concluded that plaintiffs were ineligible for overtime pay at a rate of one and one-half times their regular wage, the district court erred in holding that plaintiffs were ineligible for any overtime pay under the NYLL. A plain reading of the NYLL's overtime-pay provision demonstrates that employees subject to certain exemptions under the Fair Labor Standards Act, including the Motor Carrier Exemption, must be paid overtime at a rate of one and one-half times the minimum wage. Accordingly, we vacate the district court's grant of partial summary judgment and remand for further proceedings.

# BACKGROUND

Travis Hayward and twenty-eight other plaintiffs brought suit against defendants IBI Armored Services and its owner Michael Shields on May 15, 2017. Plaintiffs are current or former employees of IBI Armored Services, a vehicle service that transports money to and from grocery stores and banks in New York City. In 2014, Hayward was paid $11 per hour, and in 2015, he was paid $12 per hour. Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA"), 21 U.S.C. § 201, *et seq.*, and New York Labor Law Section 650, *et seq.* ("NYLL"). Specifically, plaintiffs claim that since May 2014, they had not been paid minimum wage, overtime, or spread-of-hours compensation and that they were not given proper wage statements.

Defendants moved for summary judgment on plaintiffs' FLSA and NYLL claims for overtime compensation on the basis that plaintiffs are exempt from the FLSA under the Motor Carrier Exemption and therefore ineligible for overtime pay under the FLSA or NYLL. The Motor Carrier Exemption provides that the FLSA's overtime compensation requirement does not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of

section 31502 of Title 49 . . . ." 29 U.S.C. § 213(b)(1). Plaintiffs did not dispute the applicability of this exemption to twenty-five plaintiffs, including Hayward. However, plaintiffs argued that they were entitled to overtime compensation under the NYLL at a rate of one and one-half times the minimum wage.

As relevant here, the district court granted defendants' motion for partial summary judgment on these twenty-five plaintiffs' FLSA and NYLL claims for overtime compensation. In doing so, the district court held that the NYLL adopts the FLSA's Motor Carrier Exemption, so plaintiffs were not entitled to any overtime compensation under the NYLL.

Plaintiffs timely appealed the district court's dismissal of their NYLL claims for overtime compensation.

## DISCUSSION

This Court reviews the grant of summary judgment de novo. *City of Syracuse v. Onondaga County*, 464 F.3d 297, 310 (2d Cir. 2006). "Specifically, because the district court's disposition presents only a legal issue of statutory interpretation . . . we review *de novo* whether the district court correctly interpreted the statute." *Id*. (internal quotation marks, brackets, and citation omitted).

Plaintiffs argue that, although the NYLL's overtime-pay provision, 12 N.Y.C.R.R. § 142-2.2, adopts the Motor Carrier Exemption and prevents them from receiving overtime compensation at a rate of one and one-half times their regular wage, the provision alternately provides that employers must pay exempt employees overtime compensation at a rate of one and one-half times the minimum wage. Defendants argue that employees subject to the Motor Carrier Exemption are exempted from the entirety of the NYLL's overtime-pay provision.[2]

The NYLL's overtime-pay provision reads:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 USC 201 *et seq.*, the Fair Labor Standards Act of 1938, as amended, provided, however, that the exemptions set forth in section 13(a)(2) and (4) shall not apply. In addition, an employer shall pay employees subject to the exemptions of section 13 of the Fair Labor Standards Act, as amended, except employees subject to section 13(a)(2) and (4) of such act, overtime at a wage rate of one and one-half times the basic minimum hourly rate.

---

[2] Defendants also argue that the FLSA preempts the NYLL. We need not address this argument in great detail, as our precedent makes clear that the FLSA does not preempt state regulation of overtime wages. *See, e.g., Pettis Moving Co. v. Roberts*, 784 F.2d 439, 441 (2d Cir. 1986).

12 N.Y.C.R.R. § 142-2.2.

A plain reading of the provision demonstrates that employees subject to FLSA exemptions like the Motor Carrier Exemption are nonetheless entitled to overtime compensation at a rate of one and one-half times the minimum wage. This is clear from the second sentence of the provision. This sentence requires that "employees subject to the exemptions of section 13 of the Fair Labor Standards Act, as amended, except employees subject to section 13(a)(2) and (4)" be paid "overtime at a wage rate of one and one-half times the basic minimum hourly rate." *Id*. Because the Motor Carrier Exemption is an exemption under Section 13(b)(1) of the FLSA, employees who are subject to this exemption must receive overtime compensation at a rate of one and one-half times the minimum wage.

We disagree with defendants' argument that the phrase "subject to the exemptions of section 13" in the second sentence is intended to exclude FLSA-exempt employees from receiving overtime compensation. It is evident from the sentence's structure that the phrase "subject to the exemptions of section 13" serves as a descriptor modifying the term "employees," rather than a carveout.

"[S]ubject to the exemptions of section 13" follows directly after the term "employees," and this suggests that the phrase modifies "employees."

In addition, defendants' reading of the Minimum Wage Order would render the second sentence redundant. If the first and second sentences both applied to the same population of employees (that is, non-FLSA-exempt employees and employees subject to the exemptions in sections 13(a)(2) and 13(a)(4) of the FLSA), there would be no need for the second sentence. The first sentence's requirement to pay employees at a rate of one and one-half times the employees' regular rate applies equally to those earning minimum wage and those earning more—and therefore, the second sentence would have no additive value. Defendants' interpretation thus contravenes the principle that courts should construe statutes "in a manner that gives effect to all of their provisions." *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009).

In short, the NYLL clearly states that for employees who are exempt from the FLSA under the Motor Carrier Exemption, employers must provide overtime compensation at a rate of one and one-half times the minimum wage. Accordingly, the district court erred in dismissing plaintiffs' NYLL claims for

1   overtime compensation on the basis that the NYLL precludes FLSA-exempt

2   employees from receiving overtime compensation.

3   **CONCLUSION**

4   For the foregoing reasons, we VACATE and REMAND the district court's

5   grant of partial summary judgment as to plaintiffs' NYLL claims.

6

7

8

9

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit